UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-04159-SVW-RZ | Date | November 20, 2012 |
|---|---|---|---|
| Title | Haykaz Abrahamyan v. AFNI Inc | | |

JS - 6

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| N/A | N/A | |

**Proceedings:**     IN CHAMBERS ORDER re Motion for Judgment on the Pleadings [10]

On May 18, 2012, Plaintiff Haykaz Abrahamyan ("Plaintiff") brought suit against Defendant AFNI, Inc. ("Defendant") alleging several claims, including: (1) violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.; (2) violations of the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 et seq.; (3) violations of the federal Fair Claims Reporting Act, 15 U.S.C. § 1681 et seq.; and (4) violations of the California Consumer Credit Report Act, Cal. Civ. Code § 1785, et seq.  (Dkt. 3).  On October 18, 2012, Defendant filed the instant Motion for Judgment on the Pleadings, Fed. R. Civ. P 12(c), with a hearing date set for November 26, 2012. (Dkt. 10).

Under Local Rule 7-9, Plaintiff was required to file an Opposition not later than ten (10) days after service of the motion in the instance of a new trial motion and not later than twenty-one (21) days before the date designated for the hearing of the motion in all other instances.  Local Rule 7-12 provides that "[t]he failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion."  Whether Local Rule 7-12 supports dismissal in a given situation, however, depends on the motion in question.  For example, although a district court may grant a Rule 12(b)(6) motion based on the nonmoving party's failure to oppose, a court may not grant a Rule 56 motion on the same basis.  See Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995).

The Ninth Circuit has yet to decide, however, if a district court may enter judgment on the pleadings based solely on a plaintiff's failure to oppose in accordance with the local rules.  For their part, the First and Seventh Circuits have upheld the decision of trial courts to grant a Rule 12(c) dismissal based on the plaintiff's failure to oppose.  See  NEPSK, Inc. v. Town of Houlton, 283 F.3d 1 (1st Cir. 2002) (holding district court did not abuse its discretion by granting Rule 12(c) motion based on opposing party's failure to respond as required by local rule); Tobel v. City of Hammond, 94 F.3d 360, 361-62 (7th Cir. 1996) (same).  The First Circuit's explanation in NEPSK is instructive:

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-04159-SVW-RZ | Date | November 20, 2012 |
|---|---|---|---|
| Title | Haykaz Abrahamyan v. AFNI Inc | | |

# JS - 6

Unlike Rule 56, nothing in the text of Rule 12(c) compels the court to apply any particular standard when deciding whether to grant or deny a motion for judgment on the pleadings. Rule 12(c) provides that, "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." As the district court observed, the rule "poses no standard or regime by which the Court shall decide the issues generated by the motion." By contrast, Rule 56(c) specifically states that summary judgment "shall" be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Moreover, Rule 56 explicitly addresses the possibility that the non-moving party will not respond to the motion, and provides that summary judgment may be entered in such circumstances only "if appropriate." Fed.R.Civ.P. 56(e). Rule 12(c), on the other hand, does not require the court to make any such determination before granting the motion.

Given Rule 12(c)'s silence on the subject, we cannot conclude that the district court's strict enforcement of Local Rule 7(b) creates an impermissible conflict with federal Rule 12(c). As the district court put it, "[t]here is simply no reason contained in [Rule 12(c) ] or its intendment to prevent an otherwise appropriate and enforceable rule of default, i.e. Local Rule 7(b), from operating on a motion under Rule 12(c) without consideration by the court of its merits.

NEPSK, 283 F.3d at 8-9.

By contrast, the Second Circuit has held that where the pleadings themselves are sufficient to withstand dismissal, a nonmoving party's failure to respond does not permit a district court to grant a motion to dismiss under Rule 12(b)(6), or a motion for judgment on the pleadings under Rule 12(c). McCall v. Pataki, 232 F.3d 321, 322-23 (2d Cir. 2000) (citing Maggette v. Dalsheim, 709 F.2d 800, 802 (2nd Cir. 1983)). The Second Circuit reasoned that regardless of whether the nonmoving party responds, "the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law." Id.

Clearly the Ninth Circuit has parted ways with the Second Circuit's approach. In Ghazali, the

:

Initials of Preparer         PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-04159-SVW-RZ | Date | November 20, 2012 |
|---|---|---|---|
| Title | Haykaz Abrahamyan v. AFNI Inc | | |

JS - 6

court upheld the decision of the district court to grant a Rule 12(b)(6) motion because the nonmoving party failed to oppose the motion. 46 F.3d at 53-54 ("Failure to follow a district court's local rules is a proper ground for dismissal."). Moreover, given that Rule 12(b)(6) and Rule 12(c) motions rely in essence on the same legal standard, Dworkin v. Hustler Magazine Inc., 867 F.2d 1188, 1192 (9th Cir. 1989), it would be incongruous to hold that a court may dismiss a case based on a failure to oppose a Rule 12(b)(6) motion, but may ***not*** dismiss a case for failure to oppose a Rule 12(c) motion. Moreover, the Court finds the First Circuit's explanation compelling. Accordingly, the Court concludes that a plaintiff's failure to oppose a Rule 12(c) motion in accordance with the local rules invites a court to enter judgment on the pleadings without addressing the merits.

As of the date of this Order, Plaintiff has yet to file any opposition to the Motion for Judgment on the Pleadings. In accordance with Local Rule 7-12, the Court construes Plaintiff's failure to oppose as consent to granting the Motion. For these reasons, Defendant's Motion for Judgment on the Pleadings is GRANTED and the action is DISMISSED WITHOUT PREJUDICE. The hearing scheduled for November 26, 2012 is VACATED.

|  |  : |
|---|---|
| Initials of Preparer | PMC |